129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Karen N. GUICE, Plaintiff-Appellant,
v.
R.R. DONNELLEY & SONS, Defendant-Appellee.
 No. 97-1026.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 29, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 Hon. JOEL M. FLAUM, Circuit Judge
 Hon. KENNETH F. RIPPLE, Circuit Judge
 Hon. DIANE P. WOOD, Circuit Judge
 ORDER
 HOLDERMAN
 
 2
 Karen N. Guice brought an action pursuant to Title VII, 42 U.S.C. § 2000e-2(a)(1), against her employer, R.R. Donnelley & Sons (Donnelley), alleging that she was terminated based on her race. The district court granted Donnelley's motion for summary judgment, concluding that it had offered a legitimate and nondiscriminatory reason for its discharge of Ms. Guice, which she had failed to prove was pretextual.
 
 
 3
 Ms. Guice, an African-American, was employed by Donnelley, a large publishing and printing company, from 1987 to 1992 as a programmer analyst in Willowbrook, Illinois. Four other white employees performed similar work at the same location.
 
 
 4
 In 1992, Donnelley lost a major customer and decided to close the Willowbrook office. At the time of this reduction, Donnelley only had two programmer positions available at another location. In order to determine which of the five programmers from Willowbrook would be offered a position at the other facility, Donnelley evaluated the workers under a "paired comparison" rating system to determine the best performers. Ms. Guice was ranked last and not offered a position. She was terminated on October 31, 1992. On appeal, she argues that Donnelley's stated legitimate reason for her discharge was a pretext for racial discrimination.
 
 
 5
 Donnelley did not dispute the existence of a prima facie case of discrimination and the district court assumed that this initial burden had been met. Donnelley articulated a legitimate and non-discriminatory reason for discharging Ms. Guice: the company was undergoing a workforce reduction because of loss of business and due to her low rating in the paired comparison evaluation, the two available positions were offered to higher rated employees, who accepted.
 
 
 6
 Ms. Guice argues that Donnelley's reason for her termination was pretextual because: there were insufficient guidelines for the paired comparison evaluation; only two of the raters had directly supervised her; one of the raters stated in his deposition that he was unaware of any previous use of the paired comparison process; subjective factors were used in the evaluation; employees with different job titles were compared; and, one of the raters had previously exhibited racial animosity towards her and his inclusion as one of the raters infected the entire process with racial bias.
 
 
 7
 Ms. Guice's arguments do not create a genuine issue of fact that Donnelley's legitimate reason for termination was pretextual. "It is important to remember that, when we consider whether an employer's justification for dismissing its employee is pretextual, the inquiry is not whether the reason for the firing was a correct business judgment but whether the decisionmakers honestly acted on that reason." Bahl, 115 F.3d at 1291.
 
 
 8
 The record establishes that the paired comparison process was an established evaluation tool that had been previously used by Donnelley and that any unfamiliarity by the raters would have been compensated for by their receipt of instructions and a manual on the process. Although only two of the raters had directly supervised Ms. Guice's work, the other four had familiarity with her work because they supervised personnel that relied on her work product. Further, the use of some subjective criteria in the evaluation does not support a finding of pretext because Ms. Guise failed to present any evidence that the subjectiveness was used as a cover-up for a decision that was really based on race. Robinson v. PPG Indus., Inc., 23 F.3d 1159, 1164 (7th Cir.1994). Additionally, Ms. Guice's assertion that Donnelley exercised poor business judgment in creating comparison groups does not create an issue of fact over whether pretext was involved. Schultz v. General Elec. Capital Corp., 37 F.3d 329, 334(7th Cir.1994).
 
 
 9
 Lastly, Ms. Guice argues that the reason for her discharge was pretextual because one of the raters "had often displayed open and intense hostility towards [her] in the presence of others," and that two of the other raters were aware of that hostility. However, "all dislike is not based on race." Pilditch v. Board of Educ. of City of Chicago, 3 F.3d 1113, 1119 (7th Cir.1993); see Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 (7th Cir.1990) (evidence that establishes nothing more than dislike does not demonstrate a race-based consideration). Ms. Guice's subjective belief that the rater's hostility was racially motivated does not create an issue of fact unless supported by some evidence other than her own conclusory belief. Mills v. First Fed. Say. & Loan Ass'n of Belvidere, 83 F.3d 833, 843 (7th Cir.1996). Ms. Guice, has not presented any evidence that the rater's hostility towards her was motivated by race. Additionally, she admits that none of the raters or any other supervisors ever made any racially biased comments towards her or anyone else. As Ms. Guice has failed to present any evidence to support her assertion that her discharge was motivated by race she has failed to establish that Donnelley's reason for her termination was pretextual.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)